IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT E. CLAYBORNE JR., | ) | |
| | ) | |
| Petitioner, | ) | 8:15CV378 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

Petitioner has filed a petition for a writ of habeas corpus attacking his Nebraska conviction. Petitioner pled no contest to the offenses of second degree assault and use of a deadly weapon to commit a felony, for which he was later sentenced to an aggregate period of 25 to 35 years' imprisonment.

Respondent has answered and filed the state court records. I have carefully reviewed those records which may be found at Filing No. 13 and Filing No. 14. Briefs have been submitted and considered.

I will deny the petition. The first claim is procedurally defaulted. The second claim fails given the deferential standard of review. Because these points are clear as to both the facts and the law, I elaborate on my decision only briefly.

*Claim One*

Claim One, condensed and summarized, may be stated as follows:

> Petitioner was denied due process in violation of the 14th Amendment because (a) he was mentally incompetent to enter pleas of no contest to the State's charges, (b) the State, the trial court, and his defense counsel all failed to investigate and evaluate his mental competency before

allowing him to proceed with his pleas of no contest, and (c) his pleas of no contest were invalid and involuntary due to his mental incompetency.

When Petitioner directly appealed after he entered his plea, a new lawyer was appointed and that new lawyer did not present Claim One in the direct appeal. Accordingly, when Petitioner tried to assert the essence of Claim One in a post-conviction action, the Nebraska Court of Appeals held that the claim was procedurally defaulted since it could have been raised on direct appeal but was not raised on direct appeal. (Filing No. [13-5 at CM/ECF pp. 6](#)-7.) This ruling was in accord with a long-standing, firmly and neutrally applied principle of Nebraska law. That is, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *[Hall v. State](#),* 646 N.W.2d 572, 579 (Neb. 2002).

If "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar," a federal habeas court is precluded from reviewing the claim unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See, e.g., [Oglesby v. Bowersox](#),* 592 F.3d 922, 924 (8th Cir. 2010). In other words, if state law requires that certain procedural rules must be followed, the failure to follow those rules may bar federal habeas review.

This default rule applies only if the state decision is based on independent grounds and is adequate to support the judgment. *See, e.g., [Hunt v. Houston](#),* 563 F.3d 695, 703 (8th Cir. 2009). To be independent and adequate, a state procedural rule must be "firmly established and regularly followed." *See id*.

Here, Petitioner has failed to show cause and prejudice. He has also failed to show that absent further review, a miscarriage of justice will take place. Indeed, as

I shall next discuss, the record clearly shows that Petitioner knew what he was doing and was competent to enter a no-contest plea.

***Claim Two***

Claim Two, condensed and summarized, may be stated as follows:

Petitioner's trial counsel was ineffective for (a) failing to investigate and evaluate his mental health problems, and (b) failing to file a motion to suppress the unlawful entry into his residence and the unlawful arrest of Petitioner.

The Nebraska Court of Appeals considered this claim on appeal from the denial of a post-conviction petition. The court wrote:

*Competency*

Clayborne asserts that his trial counsel was ineffective because counsel failed to investigate Clayborne's mental condition after becoming aware of his diagnoses of bipolar disorder and depression, and because he failed to pursue an insanity defense.

An individual has a constitutional right not to be put to trial when lacking mental capacity. *State v. Hessler*, 282 Neb. 935, 807 N.W.2d 504 (2011). The fundamental question is whether the defendant's mental disorder or condition prevents him from having the capacity to understand the nature and object of the proceedings, to comprehend the defendant's own condition in reference to such proceedings, and to make a rational defense. *Id.* Counsel is not required to move for a competency hearing at every alleged sign of defendant's mental illness. *Id.*

In order to demonstrate prejudice from counsel's failure to investigate competency and for failing to seek a competency hearing, a defendant must demonstrate that there is a reasonable probability he or she was, in fact, incompetent and that the district court would have

3

found him or her incompetent had a competency hearing been conducted. *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012).

Clayborne alleges that his trial counsel was aware of his conditions as he disclosed his mental health history to counsel prior to his plea hearing, and he alleges he exhibited irrational behavior during his interviews with his trial counsel. These claims are refuted by the record.

As the district court noted, Clayborne filed his postconviction motion with a letter, dated August 14, 2013, from his trial counsel, Christopher Eickholt, to the Counsel for Discipline of the Nebraska Supreme Court. The letter detailed Eickholt's interactions with Clayborne prior to trial. The letter confirmed that Clayborne disclosed his mental health history to a paralegal in Eickholt's office in a questionnaire completed on December 27, 2011, shortly before his first meeting with Eickholt. Eickholt stated his paralegal never expressed concern regarding Clayborne's competency or his ability to understand the reason he was being held in jail. Eickholt spoke to Clayborne several times in preparation for the plea hearings, and stated, "at no time in any of my meetings with Mr. Clayborne or in investigating or working on his case, did I have any concerns as to his competency to proceed in this case, nor did I believe he had any legitimate or meritorious insanity and/or diminished mental capacity defense."

As previously stated, to show deficient performance, a defendant must show that his or her counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Alfredson*, *supra*. Clayborne has failed to allege facts which, even if shown to be true, would establish that another competent attorney would have determined Clayborne was incompetent. Thus, Clayborne has failed to make sufficient allegations to meet the deficient performance prong of the *Strickland* test.

Further, Clayborne has failed to make sufficient allegations of prejudice under the second prong of the *Strickland* test. A defendant must establish that there was a reasonable probability that the district court would have found him or her incompetent had the competency

hearing been conducted.  *State v. Dunkin*, *supra*.  Clayborne alleges his diagnoses of bipolar and depressive disorders rendered him incompetent.  However, his statements and behavior at the hearings, which are preserved in the record contradict these assertions.

The district court had the opportunity to observe Clayborne and ask him questions, and the record affirmatively shows Clayborne did not have difficulty following the proceedings.  He was also given, and took advantage of, several opportunities to pause and consult with his attorney.  Clayborne was specifically asked about the status of his mental condition and he did not mention that it was difficult for him to understand or participate in the proceedings.  The court was aware of Clayborne's diagnoses and made a specific finding that Clayborne was competent to proceed with his plea.

Having found Clayborne did not allege sufficient facts to meet either prong of the *Strickland* test, we find the district court did not err in denying Clayborne's motion for postconviction relief without an evidentiary hearing.

*Motion to Suppress*.

Clayborne also asserts his trial counsel was ineffective for failing to file a motion to suppress evidence gathered when police entered Clayborne's residence on the night of his arrest.  He asserts trial counsel should have attempted to suppress "evidence" seized when police arrested Clayborne without either a warrant or exigent circumstances.

A defendant must make specific allegations instead of mere conclusions of fact or law in order to receive an evidentiary hearing on a motion for postconviction relief.  *State v. Fox*, 286 Neb. 956, 840 N.W.2d 479 (2013).

Clayborne does not identify any specific evidence or statements that were unlawfully obtained, nor does he allege facts which, if shown to be true, would establish that there is a reasonable probability a suppression motion would have been granted if it had been filed.  For

5

this reason, we find the district court did not err in denying postconviction relief without an evidentiary hearing.

(Filing No. 13-5 at CM/ECF pp. 7-13.)

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

A state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The

deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

Additionally, the Supreme Court has emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111 (2009). In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. As stated in *Knowles*:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard as incorrect but whether that determination was unreasonable–a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Id.* at 123 (internal quotation marks and citations omitted).

Applying the foregoing deferential standard of review, it is obvious that Petitioner's ineffective assistance of counsel claim must fail. The Nebraska Court of Appeals carefully considered the question, applied the correct governing federal law, made reasonable factual findings, and that ends the matter.

*No Certificate of Appealability*

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for granting certificates of appealability (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. This case is dismissed with prejudice and the court will not issue a certificate of appealability.

2. I will enter judgment by a separate document.

DATED this 3rd day of June, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge