IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBERT E. CLAYBORNE JR.,

                 Petitioner,

     vs.

STATE OF NEBRASKA,

                 Respondent.

**8:15CV378**

**MEMORANDUM AND ORDER**

This closed federal habeas matter is before me on Petitioner Robert E. Clayborne Jr.'s Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(4), (6) (filing 83) and motion for status (filing 84). For the reasons that follow, Petitioner's Motion for Relief from Judgment will be denied, and his motion for status will be denied as moot.

## I. BACKGROUND

On October 26, 2015, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2012 conviction for assault in the second degree and use of a deadly weapon to commit a felony. (Filing 1.) Respondent answered the petition and filed the state court records and a supporting brief. (Filings 13–16.) In his answer, Respondent summarized Petitioner's habeas claims as follows:

Claim One: Petitioner was denied due process in violation of the 14th Amendment because (a) he was mentally incompetent to enter pleas of no contest to the State's charges, (b) the State, the trial court, and his defense counsel all failed to investigate and evaluate his mental competency before allowing him to proceed with his pleas of no contest, and (c) his pleas of no contest were invalid and involuntary due to his mental incompetency.

> Claim Two: Petitioner was denied effective assistance of counsel in violation of the 6th and 14th Amendments because (a) his trial counsel failed to investigate and evaluate his mental health problems, and (b) his trial counsel failed to file a motion to suppress the unlawful entry into Petitioner's residence and the unlawful arrest of Petitioner.

(Filing 15 at CM/ECF pp. 2–3.) Petitioner filed a response (filing 18) and brief in response to the answer (filing 19), and Respondent filed a reply brief (filing 21). Upon consideration of all the records and briefs submitted, I dismissed the habeas petition with prejudice on June 3, 2016, and denied a certificate of appealability, concluding that Petitioner's Claim One was procedurally defaulted and Claim Two failed on the merits. (Filings 22 & 23.)

In the more than five years since his petition was dismissed, Petitioner has filed two motions for a Certificate of Appealability ("COA") (filings 24 & 53) and three motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60 (filings 28, 42, & 72), all of which I denied (filings 25, 29, 44, 55, & 73). Petitioner also has filed three unsuccessful appeals challenging the dismissal of his petition and denial of his various post-judgment motions, the last of which was dismissed on February 8, 2021. (*See* Filings 30, 37, 56, 67, 74, & 81). Petitioner also has filed at least five petitions in the Eighth Circuit Court of Appeals seeking authorization to file a successive habeas petition, all of which have been denied. (Filings 26, 45, 49, 51, & 70.)

The present motion is Petitioner's fourth motion seeking relief under Rule 60 from the court's Judgment of June 3, 2016. (Filing 83.) Petitioner asserts that the court's Memorandum and Order and Judgment denying his writ of habeas corpus and a certificate of appealability are void "due to the state[']s failure to address the allegation in this petition 'that counsel provide[d] ineffective assistance of counsel when he failed to investigate an insanity defense' which was required

by [AEDPA][1] Rules Governing Section 2254 proceedings in the United States district Courts Rule (5)."[2] (*Id.* at CM/ECF p. 1.) Petitioner argues that Respondent's failure to address this allegation raised in his petition violated due process and constitutes a defect in the proceeding which renders the judgment void. (*Id.* at CM/ECF p. 4.) Petitioner asks the court to issue a writ of habeas corpus or a certificate of appealability to allow the Eighth Circuit Court of Appeals to address the claim. (*Id.*)

## II. DISCUSSION

### A. Standard for Review of 60(b) Motion in Closed Habeas Proceeding

The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals under 28 U.S.C. § 2244(b)(3) or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. *Boyd*, 304 F.3d at 814.

As the Eighth Circuit has explained,

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining

---

[1] "AEDPA" is the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214.

[2] Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that the Respondent's "answer must address the allegations in the petition."

3

whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim *on the merits*." *Gonzalez [v. Crosby]*, 545 U.S. [524,] 530, 532 [(2005)]. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id*. at 532 n. 4, 125 S.Ct. 2641. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA [Antiterrorism and Effective Death Penalty Act].

No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *Id*. at 532, 125 S.Ct. 2641. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at n.4.

*Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (emphasis in original).

## B. Petitioner's Motion

Here, Petitioner claims that his allegation that his counsel was ineffective for failing to investigate an insanity defense was not addressed by the Respondent's answer and briefs and, consequently, was not addressed by this court in its Memorandum and Order dismissing his habeas petition. Liberally construed, Petitioner seeks relief from the dismissal and to have his insanity defense claim considered on the merits. The court concludes that Petitioner's motion does not assert any claims, but rather attacks the court's alleged failure to conduct a merits determination on his claim. Therefore, Petitioner's motion is properly considered as a motion for relief from judgment under Rule 60(b).

Under Rule 60(b)(4) and (6), a court may grant a party relief from a judgment if "the judgment is void" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under the catchall provision is available only in

"extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). Upon careful review, the court finds Petitioner has failed to demonstrate that the judgment is void or that any extraordinary circumstances exist that would entitle him to relief from the judgment under Rule 60(b)(6) as the entire premise of his Rule 60 motion is faulty.

Contrary to Petitioner's assertion, both Respondent and the court addressed Petitioner's allegation of ineffective assistance of counsel regarding an insanity defense. Respondent summarized Petitioner's ineffective assistance of counsel claim as including counsel's failure "to investigate and evaluate his mental health problems." (Filing 15 at CM/ECF p. 3.) In his response to the answer, Petitioner agreed with Respondent's statement of his claims but "agree[d] that the failure to investigate insanity defense should have been included as (c)" to Claim Two. (Filing 18 at CM/ECF p. 3.) What Petitioner fails to recognize is that Respondent's summary of his ineffective assistance of counsel claims is just that—a *summary* of Petitioner's claims. In his brief in support of his answer, Respondent quoted directly from the Nebraska Court of Appeals' opinion which analyzed Petitioner's ineffective assistance of counsel claims on the merits, including his allegation that counsel was ineffective "because he failed to pursue an insanity defense." (Filing 16 at CM/ECF p. 10.) Respondent argued that the Nebraska Court of Appeals properly analyzed Petitioner's claims of ineffective assistance of counsel and that the decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, nor was it contrary to, or involved an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court. (*Id.* at CM/ECF p. 16.) The court likewise cited to this same analysis by the Nebraska Court of Appeals and, applying the extremely deferential standard of review required, found that the Nebraska Court of Appeals "carefully considered the question, applied the correct governing federal law, made reasonable factual findings," and, thus, Petitioner's ineffective assistance of counsel claim failed. (Filing 22 at CM/ECF pp. 3–7.)

As the foregoing demonstrates, all ineffective assistance of counsel claims raised by Petitioner, including the failure to investigate an insanity defense, were addressed and considered by the court. Accordingly, I will not grant Petitioner any relief from the judgment in this matter, nor will I issue a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.      Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(4), (6) (filing 83), is denied. No certificate of appealability will be issued.

2.      Petitioner's pending Motion for Status (filing 84) is denied as moot.

Dated this 10th day of January, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge