IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBERT E. CLAYBORNE JR.,

    Petitioner,

vs.

STATE OF NEBRASKA,

    Respondent.

8:15CV378

**MEMORANDUM AND ORDER**

This closed federal habeas matter is before the Court on Petitioner Robert E. Clayborne Jr.'s Motion for Status, Filing No. 99; and three Motions to Reopen Case, Filing No. 101, Filing No. 102, Filing No. 103. For the reasons that follow, Petitioner's Motion for Status is granted and his Motions to Reopen will be denied.

## I. BACKGROUND

On October 26, 2015, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2012 conviction for assault in the second degree and use of a deadly weapon to commit a felony. Filing No. 1. In the more than seven years since his petition was dismissed, Petitioner has filed two motions for a Certificate of Appealability ("COA"), Filing No. 24, Filing No. 53, and five other motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60, Filing No. 28, Filing No. 42, Filing No. 72, Filing No. 83, and Filing No. 97, all of which the Court denied, Filing No. 25, Filing No. 29, Filing No. 44, Filing No. 55, Filing No. 73, Filing No. 85, and Filing No. 100. Petitioner also has filed several unsuccessful appeals challenging the dismissal of his petition and denial of his various post-judgment motions, the last of which was dismissed on March 31, 2022. *See* Filing No. 96.

The Court incorporates its Memorandum and Order denying his most recent motion for relief from judgment, Filing No. 100, and its previous Memorandum and Order Filing No. 85, which contains a detailed recitation of the factual and procedural background of these proceedings and Petitioner's allegations. However, the Court restates the following summary of Petitioner's claims because they are directly relevant to Petitioner's pending motions. The Court previously summarized Petitioner's habeas claims as follows:

> Claim One: Petitioner was denied due process in violation of the 14th Amendment because (a) he was mentally incompetent to enter pleas of no contest to the State's charges, (b) the State, the trial court, and his defense counsel all failed to investigate and evaluate his mental competency before allowing him to proceed with his pleas of no contest, and (c) his pleas of no contest were invalid and involuntary due to his mental incompetency.
>
> Claim Two: Petitioner was denied effective assistance of counsel in violation of the 6th and 14th Amendments because (a) his trial counsel failed to investigate and evaluate his mental health problems, and (b) his trial counsel failed to file a motion to suppress the unlawful entry into Petitioner's residence and the unlawful arrest of Petitioner.

Filing No. 85 at 1-1; *see also* Filing No. 15 at 2-3.

The Court considered these claims and concluded the Nebraska Court of Appeals "carefully considered the question, applied the correct governing federal law, made reasonable factual findings," and, thus, Petitioner's ineffective assistance of counsel claim failed. See Filing No. 22 at 3-7, Filing No. 85 at 5. The Court has since reiterated that "all ineffective assistance of counsel claims raised by Petitioner, including the failure to investigate an insanity defense, were addressed and considered by the [C]ourt." Filing No. 85 at 6.

Petitioner's Motion for Status, Filing No. 99, requests the status of the ruling on his previous Motion for Relief from Judgment, Filing No. 97. *See* Filing No. 99. The Court

ruled on Petitioner's Motion at Filing No. 97 on February 24, 2023, Filing No. 100. Accordingly, Petitioner's Motion for Status will be granted. Petitioner's other Motions ask the Court to reopen his habeas case based on several alleged errors.

## II. DISCUSSION

**A. Standard for Review of 60(b) Motion in Closed Habeas Proceeding**

Motions to reopen a case are considered under Federal Rule of Civil Procedure 60(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). As noted in the Court's previous Memorandum and Order, Filing No. 85 at 3, the Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals under 28 U.S.C. § 2244(b)(3) or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. *Boyd*, 304 F.3d at 814.

As the Eighth Circuit has explained,

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim *on the merits*." *Gonzalez [v. Crosby]*, 545 U.S. [524,] 530, 532 [(2005)]. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n. 4, 125 S.Ct. 2641. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA [Antiterrorism and Effective Death Penalty Act]. No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532, 125 S.Ct. 2641. Likewise, a motion does not attack

3

a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at n.4.

*Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (emphasis in original).

Federal Rule of Civil Procedure 60(b) allows a petitioner to obtain relief from a final judgment and reopen proceedings under a limited set of circumstances including fraud, mistake, and newly discovered evidence. *Gonzalez,* 545 U.S. at 528. In addition to the specific reasons for relief from a judgment under Rule 60(b)(1)-(5), Rule 60(b)(6) permits a case to be reopened when the movant shows "any . . . reason justifying relief from the operation of the judgment." *Id.* at 529. However, relief under Rule 60(b)(6) is only available under "extraordinary circumstances." *Buck v. Davis,* 580 U.S. 100, 123 (2017); *Schwieger v. Farm Bur. Ins. Co. of Neb.*, 207 F.3d 480, 487 (8th Cir. 2000). Exceptional circumstances exist when they "have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Murphy v. Missouri Dep't. of Corr.*, 506 F.3d 1111, 1117 (8th Cir. 2007).

**B. Petitioner's Motions to Reopen**

**1. Filing No. 101**

Plaintiff's first Motion to Reopen case argues that the Court's Memorandum and Order, Filing No. 100, was erroneous because the letters attached to his Motion, Filing No. 97, prove he directed his appellate counsel to raise ineffective assistance of trial counsel for failing to investigate Petitioner's incompetency, but appellate counsel failed to do so. Filing No. 101 at 1. As noted above, Petitioner's original claims concerned only ineffective assistance of trial counsel. Thus, to the extent Petitioner argues he is entitled to habeas relief for ineffective assistance of appellate counsel, Petitioner is attempting to

assert a new basis for relief from his conviction. This would be a second or successive habeas petition and Petitioner's Motion is dismissed for failure to obtain authorization from the Court of Appeals under 28 U.S.C. § 2244(b)(3).

If Petitioner does not assert a new claim, he seeks to reargue his oft-repeated claims of ineffective assistance of counsel regarding Petitioner's incompetency defense. The Court has addressed these arguments on multiple occasions. See, e.g., Filing No. 22 at 6, Filing No. 85 at 5, and Filing No. 100 at 4. For the reasons stated in the Court's previous Memoranda and Orders, Petitioner has not shown he is entitled to relief under Rule 60(b).

### 2. Filing No. 102

Petitioner's second Motion to Reopen argues the Court erred in concluding his claims were procedurally defaulted because the Court refused to consider Petitioner's claims that his pleas were invalid because he was mentally incompetent to enter his pleas and that the state and trial court failed to evaluate Petitioner's mental competency. Filing No. 102 at 2. The Court refused to consider these claims, Petitioner argues, because Petitioner failed to present these claims on direct appeal as required by state procedural rules; therefore, the claim was procedurally defaulted. Filing No. 102 at 3.

Petitioner argues that at the time of Petitioner's direct appeal, "the state court rule used to procedurally default these claims was not firmly established and regularly followed in the Nebraska state courts" and therefore the state court procedural default rule did not apply to Petitioner's claim. See Filing No. 102 at 3, 4. Petitioner cites State v. DeJong, 872 N.W.2d 275 (Neb. 2015), as the case that firmly established the procedural default rule followed in the Nebraska state courts. See Filing No. 102 at 3. Petitioner asserts the procedural rule went into effect in 2015 and was therefore not

5

clearly established at the time of Petitioner's direct appeal in 2013. *See* Filing No. 102 at 3.

Even construed liberally, it is difficult to discern Petitioner's basis for relief. Petitioner does not specifically identify which rule was firmly established only after *State v. DeJong.* However, to the extent Petitioner argues the Court improperly relied on a procedural default rule that had not been established at the time of his direct appeal, Petitioner's argument is meritless. The only procedural default rule referenced by the Court was the "longstanding, firmly and neutrally applied principle of Nebraska law" that "'[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal.'" Filing No. 22 at 2 (quoting *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002)). Thus, the default rule was clearly established and "longstanding" at the time of Petitioner's direct appeal.

Additionally, the Court considered Petitioner's claim that he was incompetent to enter his plea. Filing No. 22 at 3. The Court conducted a detailed review of the state court record and the analysis of the Nebraska Court of Appeals concerning Petitioner's claim. See Filing No. 22 at 3-5, 7. Given the deferential standard of review, the Court considered Petitioner's claim and concluded it must fail. Filing No. 22 at 7. Accordingly, Petitioner has not shown he is entitled to relief under Rule 60(b).

**3. Filing No. 103**

Petitioner's third Motion to Reopen argues the Court erroneously determined the facts in light of the evidence presented in the state court proceedings. Filing No. 103 at 1-3. As best the Court can discern, Petitioner argues that the state court's factual findings were flawed because Petitioner disclosed his mental health problems to trial counsel and trial counsel's paralegal, but trial counsel failed to investigate whether these problems

impacted Petitioner's plea. See Filing No. 103 at 2-3. Even if phrased in different terms, the Court has addressed this argument multiple times. Accordingly, for the reasons stated in the Court's previous Memoranda and Orders, Petitioner has failed to establish any basis to reopen his habeas proceeding.

## III. CONCLUSION

To the extent Plaintiff asserts new claims, his Motions are dismissed for failure to obtain authorization from the Court of Appeals under 28 U.S.C. § 2244(b)(3). To the extent Petitioner's Motions attack some defect in this case, none of Petitioner's Motions to Reopen establish any grounds for relief from a judgment under Rule 60(b)(1)-(5), nor do they present exceptional circumstances under Rule 60(b)(6). Accordingly, the Court will not grant Petitioner any relief from the judgment in this matter, nor will it issue a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner Robert E. Clayborne Jr.'s Motion for Status, Filing No. 99, is granted.

2. Petitioner's Motions to Reopen Case, Filing No. 101, Filing No. 102, and Filing No. 103, are denied.

3. The Court will not issue a certificate of appealability.

Dated this 24th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge